IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YA-SIN EL-AMIN SHAKIR, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 19-1652 |
| | ) |
| MARK CAPOZZA and BEAVER | ) |
| COUNTY DISTRICT ATTORNEY, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION and ORDER

Ya-Sin El-Amin Shakir (Petitioner) has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his state court judgment of sentence following his conviction for attempted murder, four counts of aggravated assault, firearms not to be carried without a license, and recklessly endangering another person. ECF No. 4. The case was referred to Magistrate Judge Patricia L. Dodge in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D. Magistrate Judge Dodge issued a Report and Recommendation, ECF No. 29, filed July 7, 2022, recommending that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied. Petitioner timely filed Objections on August 4, 2022. ECF No. 33. As explained below, the Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

### Discussion

The factual background and procedural background of this case are presented at length in the Magistrate Judge's Report and will not be repeated here. ECF No. 29, at 1-6. An abbreviated background, helpful to addressing Petitioner's Objections, follows. On the night of the events that led to his conviction, Petitioner was observed to be in possession of a silver firearm. When he was arrested a few days later, Petitioner was found to be in possession of six

.38 caliber bullets.  The silver firearm was not found.  Another person at the scene that night had fired bullets from his .45 caliber semi-automatic pistol.  A victim of the gunshots that night, Mr. Elmore, was shot six times, with the bullets remaining lodged in his body, even as of the time of trial.  The Commonwealth called William Best to testify as an expert in ballistics.  The trial court found Mr. Best to be qualified and was he permitted to offer testimony.  Relevant to the attempted murder charge against Petitioner, Mr. Best testified as to the measurements of a bullet depicted on Mr. Elmore's x-ray to conclude that the bullet in Mr. Elmore's body was not a .45 caliber bullet.  He further testified that he could not make the same exclusion as to a .32 caliber or .38 caliber bullet.  Petitioner raised two claims in his Petition, one aimed at Mr. Best's testimony, and the other at the sufficiency of the evidence on the attempted murder charge.  ECF No. 29, at 5-6.  Petitioner objects to the Magistrate Judge's recommendation to dismiss both claims.

## Claim One

On direct appeal to the Pennsylvania Superior Court, Petitioner challenged the admission of Mr. Best's testimony, in part, as to the measurements of a bullet depicted on the x-ray.  He argued that the admission of Mr. Best's expert testimony was an abuse of discretion under Pennsylvania Rule of Evidence 702.  The Superior Court denied the challenge.  In the present habeas petition Claim One states:

> The trial court's decision to permit Best's expert testimony violated Federal Rule of Evidence 702 and Petitioner's rights under the Due Process Clause of the Fourteenth Amendment because Best was allowed to opine on matters outside of his expertise.

Magistrate Judge Dodge found that the federal court had no authority to review the Superior Court's decision on a state law claim.  ECF No. 29, at 14-15.  Next, Judge Dodge found that Petitioner's alleged due process claim was procedurally defaulted because he had not raised a

2

due process claim before the Superior Court. Finally, Judge Dodge determined that Petitioner's due process claim had no merit, even if it had not been defaulted.

## Sua Sponte Raising Procedural Default

Petitioner objects to the Magistrate Judge sua sponte finding that Claim One was procedurally defaulted. Under Third Circuit case law, courts have "the authority to raise the issue of procedural default sua sponte," so long as the petitioner is given notice and an opportunity to be heard. Evans v. Secretary Pennsylvania Dept. of Corr., 645 F.3d 650, 656 n.12 (3d Cir. 2011); see also Sweger v. Chesney, 294 F.3d 506, 520–21 (3d Cir. 2002) (courts may raise the issue of procedural default sua sponte). Here, Judge Dodge indicated that Petitioner was notified of the sua sponte procedural default argument in the Report and Recommendation, and his "opportunity to be heard" on the matter of procedural default occurs by way of Petitioner's Objections. Fortney v. Wainwright, No. 1:20-CV-339-SPB-RAL, 2022 WL 2790711, at *1–2 (W.D. Pa. July 15, 2022) (recognizing that the Magistrate Judge explained that the Report and Recommendation gave Petitioner the required notice and he was given the opportunity to respond to the issue of procedural default in his objections). In his Objections, Petitioner did present a thorough argument, not only on the issue of the Court addressing procedural default sua sponte, but also on the substantive issue of whether his claim was in fact procedurally defaulted. This Objection is overruled.

## Non-Cognizable State Law Claim

Next, Petitioner objects to the conclusion that this Court cannot rule on his claim because it concerns an issue of state law; instead, he argues that his due process claim was fairly presented to the Superior Court. Petitioner argues that he "put the state court on notice that his

claim was embedded within the due process clause." ECF No. 33, at 8. On appeal to the Pennsylvania Superior Court, Petitioner's relevant claim was stated as:

> Was [it] error to qualify William Best as an expert witness by concluding that Mr. Best had a reasonably specialized knowledge as to the subject matter for which he rendered testimony?

Com. v. Shakir, No. 517 WDA 2013, 2013 WL 11248248, at *3 (Pa. Super. Ct. Dec. 17, 2013). The Court has reviewed the relevant pleadings, including the Superior Court's opinion addressing Petitioner's claim as to the ballistics expert. The Court agrees that Petitioner did not present a claim to the Superior Court that put that Court on notice that he was claiming his due process rights were violated by the admission of Mr. Best's testimony. Thus, the Superior Court's ruling, based on a Pennsylvania state law evidentiary issue, is not cognizable under 28 U.S.C. § 2254(a).

The Court also finds that Petitioner did not present his due process claim to the Superior Court. In his brief, Petitioner states that he argued before the state court that the expert's testimony "was premised on junk science and should not have been introduced." ECF No. 33, at 8. Petitioner's "subsidiary argument was that the expert was not qualified to render such a complex opinion without the proper education and training." Id. He concludes that his argument "is not a claim that is simply based on state law, but one firmly embedded in the United States Constitution." Id. The Court disagrees that Petitioner fairly presented a due process claim to the Superior Court. Even as the claim is presented in his Petition and Objections, it is clear that Petitioner's claim concerns an evidentiary issue primarily centered on Mr. Best testifying as a ballistics expert, with special focus on Mr. Best's testimony as to his measurement of the depiction of a bullet on an x-ray. This Objection is overruled.

<u>Due Process Claim</u>

Finally, Petitioner objects to the finding that there is no merit to his claim that his due process rights were violated. Specifically, he objects to the Magistrate Judge's conclusion that the admission of Mr. Best's testimony did not render Petitioner's trial fundamentally unfair. Petitioner again argues that because Mr. Best was permitted to testify, his due process rights were violated. He does not present a persuasive argument. In part, he argues, without sufficient explanation, that his counsel's thorough cross-examination of Mr. Best was not enough to provide due process. Petitioner also continues to incorrectly describe Mr. Best's testimony and measurement of the depiction of a bullet on the x-ray as somehow providing expert testimony on x-rays and x-ray reading and interpretation. The Court reiterates what the state courts have stated on this subject: Mr. Best was not qualified as an expert in reading or interpreting x-rays and he did not attempt to read or interpret an x-ray. Indeed, Petitioner's counsel evoked substantive testimony demonstrating that Mr. Best had no expertise with respect to x-rays. Mr. Best merely measured an object displayed on an x-ray. The Objection is overruled.

Petitioner's Objections do not undermine the Magistrate Judge's Report and Recommendation as to Claim One.

## Claim Two

In Claim Two, Petitioner argues that there was insufficient evidence introduced at trial to sustain his conviction for attempted murder. Petitioner's Objection is a recitation of his argument as to why the evidence was insufficient and that no rational juror could conclude that he was guilty of attempted murder. The Court finds no error with the Magistrate Judge's analysis or conclusion, and therefore Petitioner's objection to Ground Two is overruled.

## ORDER

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 21st day of November 2022,

IT IS HEREBY ORDERED that Petitioner's Objections are overruled and the Petition is DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 29, filed on July 7, 2022, by Magistrate Judge Dodge, is adopted as the opinion of the Court as supplemented by this Memorandum Opinion. A certificate of appealability is DENIED, as jurists of reason would not disagree with the analysis of the Report.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the petitioner desires to appeal from this Order he must do so within thirty days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

/s/ Marilyn J. Horan
Marilyn J. Horan
United States District Court Judge

cc:   Ya-Sin El-Amin Shakir, pro se
      KT-9682
      SCI Fayette
      48 Overlook Drive
      LaBelle, PA 15450